Kathleen S. Phinney #7282
3651 N. 100 E. #300
Provo, UT 84604
801-377-2619
801-377-2639

Attorney for Plaintiff

FILED
U.S DISTRICT COURT

2008 MAY -6 P 2:58

DISTRICT OF UTAH

BY: ________
DEPUTY CLERK

UNITED STATES DISTRICT COURT OF UTAH
TENTH DIVISION

| | |
|---|---|
| JACQUELINE STEY and WILLIAM D. STEY<br>PLAINTIFFS<br><br>DAVOL, INC. and C.R. BARD, INC.;<br>DEFENDANTS | COMPLAINT<br><br>Case: 2:08cv00355<br>Assigned To : Campbell, Tena<br>Assign. Date : 5/6/2008<br>Description: Stey et al v. Davol et al |

**PARTIES**

1. Plaintiff JACQUELINE STEY is an individual over 19 yeas of age and a resident of Utah County, State of Utah. Plaintiff WILLIAM D. STEY, is the husband of Plaintiff JACQUELINE STEY and is a resident of Utah County, State of Utah.

2. Defendant DAVOL, INC., ("DAVOL") is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL specializes in surgery products utilized in hernia repair, hemostatis, orthopedics and laparoscopy.

3. Defendant C.R. BARD, INC., ("BARD") is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. At all times relevant hereto DAVOL and BARD transacted business in the State of Utah.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs and Plaintiff and Defendant are resident citizens of different states.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occured in this District, and Defendants are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

6. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into Ms. Stey's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Ms. Stey's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

9. Ms. Stey underwent surgery on or about May 20, 2005 at Utah Valley Regional Medical Center in Provo Utah to repair a ventral hernia. A Composix Kugel Large Oval Patch was

used to repair the defect.

10. In July 15, 2006, Ms. Stey began having severe pains in her left side and she was instructed by her doctor to go to the emergency room of the hospital.

11. On July 16, 2006, a laparotomy was performed on Ms. Stey at the Utah Valley Regional Medical Center in Provo, Utah. According to the operation report, "The patient had a proximally dilated small bowel with adhesion of the small bowel to the undersurface of the Composix mesh. ... secondary small bowel ischemia was encountered near the terminal ilieum. The incision was extended to facilitate adequate dissection and a small bowel resection was performed. The mesh not only was adherent to the omentum, small bowel were also densely adherent to the bladder. In the court of removal of the mesh, a bladder laceration was noted. ... The small bowel was eviscerated to the point where it was densely adherent to the undersurface of the mesh. Small bowel showed ischemic change over approximately one foot with the area with ischemia extending into 4 to 5 cm above the ileocecal valve. ... The mesh seemed to extend all the way down to the bladder.

12. The Discharge Report indicates that Ms. Stey had an internal hernia with secondary small-bowel obstruction and small bowel ischemia secondary to the bowel obstruction.

13. The Surgical Pathology Report of July 15, 2006 indicates ischemic enteritis in the small bowel ... prominent foreign body granulomatous reaction, scarring and mild chronic inflammation associated with mesh in benign connective tissues. A 39 cm segment of the bowel was removed.

14. On April 11, 2007, Ms. Stey was again admitted to Utah Valley Regional Medical Center for a fourth repair to repair the large upper abdominal hernia left after the removal of the Kugel Patch as she was left with a greater than 300 $cm^2$ of hernia.

15. Ms. Stey suffered physical pain and disability proximately caused by the defective Kugel Mesh Patch.

16. Mr. Stey has endured loss of consortium proximately caused by the defective Kugel Mesh Patch.

17. Ms. Stey has incurred medical expenses and lost wages as a proximal result of the defective Kugel Mesh Patch.

18. The Kugel Mesh Patch hernia repair product implanted in Ms. Stey was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

19. FDA Class I recalls are issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

20. On January 10, 2007, DAVOL/BARD expanded a prior recall to include all lot numbers of product codes of 0010202 which included the size used by Ms. Stey.

21. Ms. Stey learned of the recall via undated correspondence by her original surgeon after her subsequent surgery in July 2006.

22. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

23. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

24. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

25. Upon information and belief DAVOL and BARD were aware of the defect in the manufacture and design prior to the recall of their Kugel Patch.

**COUNT 1**

**Negligence**

26. The Plaintiffs hereby adopt and incorporate by reference all the above allegations.

27. Defendants DAVOL and BARD were negligent in the following respects:

28. DAVOL and BARD at all times mentioned had a duty to property manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

29. DAVOL and BARD at all times herein knew of, in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings and were likely to injure the Kugel Patch's users.

30. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel patch, that they were dangerous and unsafe for the use and purpose for which they were intended.

31. DAVOL and BARD were aware of the probable consequences of the Kugel Patch, DAVOL and BARD knew of or should have known the Kugel Patch would cause serious injuries, yet they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard for the safety of Ms. Stey.

32. Defendants DAVOL and BARD owed a duty to Ms. Hall to adequately warn her and her treating physicians of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

33. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

34. As a direct and proximate result of the duties breached by both Defendants, the Kugel Patch used by Ms. Stey's hernia repair surgery failed, resulting in serious injuries to Ms. Stey.

35. DAVOL's and BARD's conduct in continuing to market, sell, and distribute the Kugel Patch after obtaining knowledge they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an aware of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL and BARD from similar conduct in the future.

36. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

**COUNT II**

**Utah State Claims - Product Liability**

37. The Plaintiffs hereby adopt and incorporate by reference all of the above allegations.

38. At all times material hereto, Defendants have engaged in the business of selling, distributing, designing, assembling, marketing, and promoting the Kugel Patch for hernia repair surgery. The Kugel Patch is unreasonably dangerous and is therefore defective.

39. The Kugel Patches, subject to the Class I recall were defective because they failed to perform in a safe and effective manner. Ms. Stey's Kugel Patch was a Class I recall device that, because of its defective condition, failed, proximately causing her serious injury.

40. At all times material hereto, the Kugel Patch was sold, distributed, manufactured, designed, assembled, promoted and marketed by the Defendants and was expected to reach, and did reach consumers, including the Plaintiff, without substantial change in the condition in which it left the possession of Defendants.

41. The Kugel Patch implanted into Ms. Stey was being used in a manner reasonably anticipated at the time it was implanted by her surgeon.

42. At all times material hereto, the Kugel Patch was unreasonably dangerous, and therefore defective, because:

a) the Kugel Patch was sold in a defective condition by design and manufacture;

b) the Kugel Patch as designed and manufactured was unsafe;

c) the Kugel Patch as designed and manufactured was unreasonably dangerous;

d) the Kugel Patch did not perform safely as an ordinary consumer/patient would expect;

e) the Kugel Patch as designed and manufactured was unsafe for its intended use;

f) DAVOL and BARD failed to adequately warn about the dangers and risks associated with the Kugel Patch;

g) DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h) DAVOL and BARD failed to design a patch which could avoid migration from the initial site of the hernia repair surgery or withstand foreseeable stresses.

i) any other acts of failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned through discovery.

43. At all times relevant hereto, there existed safer methods and products for repairing the condition suffered by the Plaintiff.

44. DAVOL's and BARD's conduct in continuing to market, sell, and distribute the Kugel Patch after obtaining knowledge they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an aware of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL and BARD from similar conduct in the future.

45. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

**COUNT III**

**Failure to Warn**

46. The Plaintiffs hereby adopt and incorporate by reference all the above allegations.

47. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch for hernia repair surgeries.

48. At the time of the design, manufacture and sale of the Kugel Patch and more specifically at the time Ms. Stey received the Kugel Patch, the patch was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patches, including the one implanted in the Plaintiff, were not accompanied by proper warnings regarding

significant adverse consequences associated with the Kugel Patch.

49. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch.

50. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. Stey had her hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

51. Neither Ms. Stey nor her physicians knew of the defects in the Kugel Patch at the time it was implanted.

52. As a direct and proximate cause of the actions and conduct of the Defendants, Plaintiff has sustained injuries and is entitled to damages set forth below.

**COUNT V**

**Fraud - Suppression and Misrepresentation**

53. The Plaintiff hereby adopts and incorporates by reference all of the above allegations.

54. The Defendants breached their duty to disclose to Plaintiff by willfully and recklessly providing false, incomplete and misleading information regarding the Kugel Patch and the Defendants acted with deliberate intent to deceive and mislead Plaintiff as well as her physicians, who Defendants knew would be relying on Defendants to convey accurate and complete safety information on the device.

55. Plaintiff and her physicians reasonably relied upon these inaccurate and fraudulent misrepresentations, and relied upon the absence of adverse safety information about the Kugel Patch, which the Defendants did suppress, conceal or fail to disclose and suffered damages and injury as a result thereof.

56. As a direct and proximate result of the Defendant's willful, fraudulent and intentional misrepresentations, made with the intent to deceive Plaintiff and others, Plaintiff suffered severe injuries and physical pain and suffering.

**COUNT VI**

**Loss of Consortium**

57. Plaintiff hereby adopts and incorporates by reference all of the above allegations.

58. Plaintiff William Stey claims damages for loss of consortium as a consequence of the injuries sustained by his wife, which were caused by the defective Kugel Patch.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs prays for judgment against defendants as follows:

A. For special damages in an amount to be established upon proof at the time of trial but upon information and belief will be in excess of $50,000.

B. For general damages in an amount to be established upon proof at the time of trial but upon information and belief to be in excess of $150,000.

C. For costs and fees incurred in prosecuting this action as provided by law;

D. For interest on all damages as provided by law; and

E. For such other relief as the Court may deem just and proper.

DATED this 9 day of May, 2008,

Kathleen S. Phinney
Attorney for Plaintiff

Plaintiff's address:

982 East 315 South
Orem, UT 84097

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED U.S. DISTRICT COURT 2008 MAY -6 P 2:58 DISTRICT OF UTAH BY: DEPUTY CLERK

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: Utah County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Rhode Island
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kathleen Phinney
3651 N 100 E #300
Provo, UT 84604

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only) Product Liability

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☒ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. § 1332

Brief description of cause: Defective Kugel Mesh for hernia repair

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $200,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): District Rhode Island JUDGE Mary Lisi DOCKET NUMBER 1:07-md-01842-ML-LDA

DATE 5/6/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Case: 2:08cv00355
Assigned To : Campbell, Tena
Assign. Date : 5/6/2008
Description: Stey et al v. Davol et al